**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**LAZARO ROCHE,
ALIEN # A74128863,**

    **Petitioner,**

vs.                                 Case No. 4:11cv143-MP/WCS

**IMMIGRATION AND
CUSTOM ENFORCEMENT (ICE),**

    **Respondent.**

    _____/

## REPORT AND RECOMMENDATION

Petitioner, proceeding *pro se*, initiated this case on April 8, 2011, by filing a petition for a writ of habeas corpus under § 2241. Doc. 1. Petitioner contends he was previously ordered removed (no date indicated for order or removal), but was not able to be removed during the removal period, and because there is no agreement with the Republic of Cuba, he was released on supervision. *Id.*, at 4. Petitioner has been convicted and sentenced to prison and is currently in the custody of the Department of Corrections. *Id.*, at 5. He contends that because I.C.E. has a detainer against him, he is being denied due process and equal protection rights, "cannot obtain minimum or

community custody" and he is "unable to qualify for early release programs and or work release." *Id.*, at 5.  Petitioner seeks an order from this Court setting aside the I.C.E. detainer.

Respondent has filed a motion to dismiss or transfer, doc. 12, asserting that because Petitioner is incarcerated in Miami and was not within the jurisdiction of the Northern District of Florida when this case was initiated, the case should be transferred to the Southern District of Florida where Petitioner is located.  Respondent points out that a district court is limited to granting habeas relief "within their respective jurisdictions" under 28 U.S.C. § 2241 and the proper jurisdiction is in the district of confinement.  *See*  Rumsfeld v. Padilla, 542 U.S. 426, 439, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004)[1]; *see also* Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 494-495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).  The simple and consistently applied rule in these cases is that "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."  Padilla, 542 U.S. at 447, 124 S.Ct. at 2724.  In this case, Petitioner was not within the Northern District of Florida when the case was initiated.  Thus, the motion to transfer this case should be granted, and because the law is clear on this issue, there is no need to await a response from Petitioner before granting the motion.  This action should be transferred to the Southern District of Florida where Petitioner resided when he mailed this § 2241 petition to this Court.  *See* doc. 1.

---

[1] Padilla rejected the view that in "cases involving prisoners detained for 'other than federal criminal violations,' " a proper respondent may be "the person exercising the 'legal reality of control' over the petitioner . . . ."  542 U.S. at 437, 124 S.Ct. at 2719.

Case No. 4:11cv143-MP/WCS

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss or transfer petition for writ of habeas corpus, doc. 12, be **GRANTED** and this petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 by Petitioner Lazaro Roche be **TRANSFERRED** to the United States District Court for the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. § 89 for all further proceedings as this Court lacks jurisdiction.

**IN CHAMBERS** at Tallahassee, Florida, on August 9, 2011.

    s/  William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**